591 So.2d 305 (1991)
Jessie LIGHTFOOT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3688.
District Court of Appeal of Florida, First District.
December 23, 1991.
*306 Gwendolyn Spivey, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of his conviction and sentence after a jury found him guilty of the offense of grand theft auto, a violation of section 812.014, Florida Statutes (1989). The issue is whether the trial court reversibly erred in denying appellant's request for a special jury instruction limiting consideration of appellant's prior convictions to the issue of his credibility. We find no error, and affirm.
The jury was apprised of appellant's prior convictions when he testified in his own defense. During cross-examination, appellant was asked whether he had ever been convicted of a crime involving dishonesty or false statement. Appellant responded that he had not been convicted of a crime involving dishonesty and false statement, but acknowledged that he had been arrested for a felony. When asked if he had been convicted of a felony, appellant stated that he had pled guilty to commission of a felony on two occasions.[1]
At the charge conference, defense counsel requested an instruction that the jury was not to infer that because appellant committed crimes in the past, he was guilty of the offense for which he was on trial. Since the request did not involve a standard jury instruction, defense counsel submitted the following instruction:
During your deliberations, the fact that the defendant has been previously convicted of a crime should not be considered by you as proof of whether or not the defendant committed this particular offense. You may consider this fact only in weighing the credibility of the testimony given.
The state objected to the proposed instruction, deeming it insufficient in the context of this case. The trial court agreed, and denied the requested special instruction.
Under the provisions of section 90.610(1), Florida Statutes, "[a] party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment." In a related vein, section 90.107, Florida Statutes, provides that where evidence is properly admitted for a limited purpose such as to cast doubt on a witness's credibility, "the court, upon request, shall restrict such evidence to its proper scope and so inform the jury at the time it is admitted." (Emphasis supplied.)
*307 The record in this case reflects that the evidence concerning appellant's prior felony convictions was admitted for the sole purpose of casting doubt upon his credibility. Moreover, the manner in which the impeachment testimony was elicited was in strict compliance with the procedure outlined in the statute. By the same token, the testimony concerning prior felony convictions was appropriate for a limiting instruction pursuant to section 90.107, Florida Statutes, had such request been made when the impeachment testimony was admitted. Walter v. State, 272 So.2d 180, 182 (Fla. 3d DCA 1973). We deem the failure to request a limiting instruction at the time the evidence was admitted constitutes a waiver of the right to challenge the point on appeal. See, generally, Riechmann v. State, 581 So.2d 133, 140 (Fla. 1991); Moss v. State, 581 So.2d 182 (Fla. 2d DCA 1991). There is no authority for requiring a trial court to give such an instruction at the close of trial.
Accordingly, the conviction is affirmed.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] The impeachment cross-examination is set forth here in its entirety:

Q. Mr. Lightfoot, first question I'd like to ask you is, can you tell this jury, have you ever been convicted of a felony or crime involving dishonesty or false statement?
A. Not dishonesty and false statement, but I've been arrested for a felony before.
Q. Have you ever been convicted of a felony, Mr. Lightfoot?
A. Yes, I pleaded guilty.
Q. On how many occasions?
A. Twice.
Q. Twice, according to your own testimony, twice you've been convicted of a felony?
A. Right.