747 So.2d 436 (1999)
Clarence L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3717.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
*437 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
WARNER, C.J.
We deny appellant's motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
Appellant was convicted of burglary of a dwelling and appeals, claiming that the trial court erred in denying his request for a jury instruction and denying his two motions for mistrial. We affirm on all issues.
A neighbor of the victim noticed an unfamiliar male in the victim's apartment. *438 Knowing that the victim was out of the country, the neighbor became suspicious and asked the male what he was doing when he walked outside the apartment. He responded that he was moving his aunt. Before the neighbor could react, the stranger jumped into his vehicle with another suspect and yelled out the window, "[y]eah, we ripped the old man off." After a jury trial, appellant was found guilty and now appeals his conviction.
Appellant testified in his own defense. During his testimony he admitted that he had a prior conviction. However, at the time of his testimony, counsel did not request a limiting instruction pursuant to Florida Standard Jury Instruction 3.10:
CONVICTION OF CERTAIN CRIMES AS IMPEACHMENT (NEW) F.S. 90.107, 90.610(1)
Note to
Judge: To be given at the time the evidence is admitted, if requested.
The evidence that you are about to receive that [(witness)] [(defendant)] has been convicted of (crime) should be considered by you only in weighing the credibility of [(witnesses's)][(defendant's)] testimony and not for any other purpose.
Standard Jury Instructions in Criminal Cases (95-1), 657 So.2d 1152, 1153 (Fla. 1995) (emphases added). Instead, counsel waited until the charge conference to request that the jury be given the instruction at issue. The trial court denied the request, noting that the instruction was to be given, if requested, at the time the evidence was received.
The standard for review of a denial of a request for a jury instruction is whether the court abused its discretion. "Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction in the absence of a prejudicial error that would result in a miscarriage of justice." Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA), rev. denied, 700 So.2d 686 (Fla.1997) (citation omitted). In Lightfoot v. State, 591 So.2d 305 (Fla. 1st DCA 1991), the court noted that there was no authority for giving this instruction during the closing jury instructions. Thus, by failing to request that the instruction be given at the time of the testimony the defendant waived his right to complain of the omission on appeal. Similarly, in an analogous circumstance, the third district held that the trial court did not err in refusing to give a limiting instruction to the jury regarding prior inconsistent statements where the request was not made at the time the evidence was admitted. See Lopez v. State, 716 So.2d 301, 303-04 (Fla. 3d DCA 1998). Therefore, we hold that the trial court did not abuse its discretion with respect to the denial of the jury instruction.
We also conclude that this was not a prejudicial error which resulted in a miscarriage of justice in any event. The testimony regarding appellant's prior conviction was simply an acknowledgment that he had one prior conviction. In closing argument, the prosecutor referred to it in discussing with the jury the credibility of the appellant. This was precisely what the instruction states is the proper use of such evidence.
In his second point, the appellant claims that the court erred in refusing to grant a mistrial after a detective testified that in showing a photo lineup to a witness he explained to the witness that he had developed the lineup from possible suspects in other cases and recent investigations. Appellant contends that this was tantamount to revealing prior criminal conduct by appellant. Although the trial court denied the motion for mistrial, it did offer to give a curative instruction, but defense counsel refused, believing that a curative instruction would be inadequate. Instead, on cross-examination defense counsel established that the detective had been investigating appellant because he had pawned an item reported as stolen, but that appellant had given a reasonable *439 explanation for his possession of the item. The pawned item was not related to the instant burglary.
Although implications of irrelevant collateral crimes should not be admitted, see Jackson v. State, 627 So.2d 70, 71 (Fla. 5th DCA 1993), in the instant case the defense clarified that appellant was eliminated as a suspect in a collateral crime. Therefore, the detective's reference to possible suspects was rendered harmless by his admission that appellant was not a suspect. Furthermore, appellant himself testified that he had a prior conviction. Thus, any possible prejudice from the detective's statement was harmless.
During closing argument the defense speculated that a state witness failed to testify because she was not confident of what she had to say in the case. The state's objection was sustained. On rebuttal, the state replied, "[t]he State maintains that based on the evidence that has been presented, the State has shown you through reliable testimony by the person of Nancy Barbelli. You saw how frightened she was in the courtroom. Possibly why Ms. Gertil wouldn't show up as well." Defense counsel objected and requested a curative instruction, which the trial court gave, admonishing the jury to disregard the comment. However, the court denied the request for mistrial, which the defendant asserts is reversible error.
It is error for a prosecutor to suggest that a witness did not appear due to fear of the defendant where there is no evidentiary support for the proposition. See Tran v. State, 655 So.2d 141, 142 (Fla. 4th DCA 1995); Jones v. State, 449 So.2d 313, 314-15 (Fla. 5th DCA 1984). Thus, the trial court correctly sustained the objection and directed the jury to disregard the comment. However, a ruling on a motion for a mistrial is within the sound discretion of the trial court. See Cole v. State, 701 So.2d 845, 853 (Fla.1997), cert. denied, 523 U.S. 1051, 118 S.Ct. 1370, 140 L.Ed.2d 519 (1998). A motion for a mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial. See id. We conclude that the court did not abuse its discretion by denying the motion for mistrial. From the record presented, it is not possible to gauge the "fear" shown by witness Barbelli. It might have been fear of the entire court process, instead of specific fear of the defendant. The prosecutor never directly suggested that the witnesses were in fear of the defendant. The trial judge was present in the courtroom and observed the reactions of the witnesses as well as the impact of the one isolated statement in the context of the entire trial. The record does not support a conclusion that the trial court abused its broad discretion in denying the motion for mistrial.
For the foregoing reasons, we affirm the conviction and sentence of the trial court.
STONE and STEVENSON, JJ., concur.