DAMOORGIAN, J.
Barbara Simpson appeals the trial court’s order denying her motion to dismiss. We affirm based on the tipsy coachman rule.[1]
While at the Fort Lauderdale International Airport, Simpson was approached by two detectives. The detectives conducted a search of her purse and discovered a pill box and burgundy change purse, both of which contained oxycodone tablets and other controlled substances. Based upon a combination of the controlled substances in her pill box and change purse, Simpson was charged with one count of trafficking in oxycodone, along with two other controlled substance offenses. Simpson subsequently filed a motion to dismiss as to two charges, one of which was trafficking in oxycodone.
In the motion, Simpson alleged that she and her husband had valid prescriptions for the oxycodone in her pill box and change purse, respectively, and that she was the custodian for her ill husband of the oxycodone in her change purse. The State responded with a traverse, specifically denying that Simpson’s husband had a valid prescription and that she was the custodian of the oxycodone in her change purse. The State further asserted in its traverse that Simpson’s prescription was invalid because she fraudulently obtained it by not telling her prescribing doctor about a previously-issued oxycodone prescription from another doctor. At the conclusion of the hearing on the motion to dismiss, the trial court denied the motion. The court found that Simpson unlawfully obtained her prescription by misrepresentation, constituting fraud. Simpson now appeals the trial court’s denial of her mo *778 tion to dismiss only as to her trafficking in oxycodone charge and contends that the court erred in denying the motion because she legally possessed the oxycodone in her pill box under a valid prescription.
The standard of review of a trial court’s denial of a motion to dismiss is de novo. State v. Santiago, 938 So.2d 603, 605 (Fla. 4th DCA 2006) (citing State v. Walthour, 876 So.2d 594, 595 (Fla. 5th DCA 2004)). “A motion to dismiss ... shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss.” Fla. R.Crim. P. 3.190(d) (emphasis added).
We affirm the trial court’s denial of Simpson’s motion to dismiss based on the tipsy coachman rule, see Kennard, 903 So.2d at 245-46, because the State specifically denied in its traverse that Simpson’s husband had a valid oxycodone prescription and that she was the custodian for her ill husband of the oxycodone in her change purse, see Fla. R.Crim. P. 3.190(d). At this stage, the State sufficiently traversed, specifically denying two material facts, and the trial court was required to deny the motion to dismiss because the State charged Simpson with only one count of trafficking in oxycodone. Accordingly, we need not address the trial court’s conclusion that Simpson unlawfully obtained her oxycodone prescription by misrepresentation.

Affirmed.

HAZOURI, J., concurs.
FARMER, J., concurs specially with opinion.

. See Kennard v. State, 903 So.2d 244, 245-46 (Fla. 1st DCA 2005) ("[T]he Tipsy Coachman Rule ... provides that an appellate court may affirm a trial court's judgment if the judgment is legally correct, regardless of the trial court’s reasoning.”).