On Motion for Rehearing En Banc.
POLEN, J.
We deny the motion of appellee/cross-appellant, State of Florida, for Rehearing En Banc. We also deny the appellants’ motions to strike the State’s motion. We do, however, substitute the following for our opinion issued on December 22, 2010, in order to expand on our reasoning for affirming the dismissal of the trafficking charges.
As they present identical legal issues, we have combined Knipp v. State, No. 4D09-2364, and Kiser v. State, No. 4D09-2365 for review.[1]
Appellant, Jeremy Knipp, appeals the trial court’s order withholding adjudication on two counts of withholding information from a medical practitioner and sentencing him to three years probation. The State cross-appeals the trial court’s order granting Knipp’s motion to dismiss as to one count of trafficking in Oxycodone and one count of possession of Alprazolam.
Appellant, Brian Kiser, appeals the trial court’s order withholding adjudication as to one count of withholding information from a medical practitioner and sentencing him to three years probation. The State cross-appeals the trial court’s order granting Kiser’s motion to dismiss as to one count of trafficking in Oxycodone.
As to the charges of withholding information from a medical practitioner (“doctor shopping”), defense counsel and the State agreed to the following facts below, which are the same in each case. The defendant in each case obtained prescriptions from two different physicians in Bro-ward County, and within thirty days from receiving the first prescription, obtained prescriptions for the same medicine from another physician in Broward County. There was no proof that either defendant affirmatively misled a physician or that any physician ever asked either defendant whether he had received a prescription from any other source within the thirty-day timeframe.
Based on the foregoing, defense counsel moved to dismiss the doctor shopping charges on the grounds that neither Knipp nor Kiser affirmatively withheld informa *378 tion regarding the fact they had each obtained a prescription within the previous thirty days. In other words, according to defense counsel, the statute prohibits withholding information from a medical practitioner but does not impose an affirmative duty on an individual to disclose to the practitioner that he has, in fact, obtained another similar prescription within the previous thirty days. In opposing the motion, the State argued that the statute does impose an affirmative duty on an individual to show the doctor that he is entitled to a prescription.
Knipp and Kiser were also charged with trafficking in Oxycodone because the amount of Oxycodone in each man’s possession when he was confronted and searched by the police exceeded the legal limit set by the trafficking statute. In a motion to dismiss, defense counsel argued that the trafficking charges should be dismissed as to each defendant because both Knipp and Kiser possessed a valid prescription for Oxycodone which had been written by a licensed physician, and thus, came within the exclusion provided by section 499.03, Florida Statutes. The State responded that the charges should not be dismissed because where, as here, the prescriptions were obtained in violation of the doctor shopping statute, they are invalid and not within the exception of section 499.03.
The trial court granted in part and denied in part Knipp’s and Kiser’s motions to dismiss. As to the doctor shopping statute, the court determined that “there exists no requirement that an individual first be asked about previous prescriptions in order to have violated section 893.13(7)(a)(8), Fla. Stat.” Accordingly, the court denied the motion to dismiss the doctor shopping counts in each case. On the trafficking counts, the trial court granted the motion, having found at the hearing that each defendant possessed a valid prescription for the drugs in his possession. We affirm.
This court reviews de novo an order on a motion to dismiss. See State v. Santiago, 938 So.2d 603, 605 (Fla. 4th DCA 2006). When a defendant files a motion to dismiss pursuant to rule 3.190(c)(4), the trial court may dismiss the Information if the undisputed facts do not establish a prima facie case of guilt. State v. Shuler, 988 So.2d 1230 (Fla. 5th DCA 2008). “A motion to dismiss under subdivision (c)(4) of ... rule [3.190] shall be denied if the state files a traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.” State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000) (emphasis in original).
A long-recognized defense to a charge of trafficking in prescription drugs is the defendant’s possession of a valid prescription. See § 499.03, Florida Statutes (2008). The statute provides in part:
(1) A person may not possess, or possess with intent to sell, dispense, or deliver, any habit-forming, toxic, harmful, or new drug subject to s. 499.003(32), or prescription drug as defined in s. 499.003(42), unless the possession of the drug has been obtained by a valid prescription of a practitioner licensed by law to prescribe the drug.
Id. (Emphasis added). The question then is whether section 893.13(7)(a)8., Florida Statutes (2008), also known as the “doctor shopping” statute, vitiates the valid prescription defense found in section 499.03.
Section 893.13(7)(a)8., Florida Statutes (2008), also known as the “doctor shopping” statute, provides that it is unlawful for any person:
*379 To withhold information from a practitioner from whom the person seeks to obtain a controlled substance or a prescription for a controlled substance that the person making the request has received a controlled substance or a prescription for a controlled substance of like therapeutic use from another practitioner within the previous 30 days.
§ 893.1S(7)(a)8., Fla. Stat. (2008). The statute does not define the term “withhold.”
It is undisputed that Knipp obtained prescriptions from two separate practitioners within three days of one another — one on November 3, 2008 and the next on November 6, 2008. Similarly, it is undisputed that Kiser obtained prescriptions from two separate practitioners within a two-day span — one on December 1, 2008 and another on December 2, 2008. Neither Knipp nor Kiser contended that they had not sought these prescriptions.
The sole issue below and on appeal is whether the statute requires an individual to volunteer information to the practitioner that he has received a prescription of like therapeutic use within the previous thirty days. Read in its entirety, the statute refers to an individual who “seeks to obtain a controlled substance or a prescription for a controlled substance” and also uses the word “request.” Whether an individual has actually withheld information in violation of the statute depends on whether s/he requested a controlled substance and failed to disclose the fact that s/he received a drug of like therapeutic use within the previous thirty days. In other words, the statute requires that an individual affirmatively requesting a substance provide information to the practitioner.
The appellants stake their claim of ambiguity in the statute on the word “withhold.” The statute’s use of the term “withholding” is not ambiguous. The meaning ascribed by most dictionaries is “to hold something back” or “to refrain from giving or granting.”[2] Whether one substitutes “hold back” or “refrain from giving” for “withhold,” the statute unambiguously makes it a crime for a person seeking a prescription for a controlled substance not to inform the physician that the person has already obtained a prescription for the same or similar substance within the last thirty days. The statute does not qualify the withholding of information by requiring an affirmative request for such information.
Significantly, appellants do not contest that portion of the charge that they had sought the controlled substances. Instead their sworn affidavits emphasize the fact that the doctors they saw did not ask if they had obtained the same or a similar controlled substance within thirty days. Accordingly, based on the record before the trial court, we affirm the denial of the motion to dismiss as to the doctor shopping charges.
As to granting the motions to dismiss on the drug trafficking charges, we also affirm. The State agreed below that both Knipp and Kiser possessed a prescription issued by a licensed practitioner in the normal course of business. The State argues, however, that our opinion in Simpson v. State, 33 So.3d 776 (Fla. 4th DCA 2010), mandates a reversal. Simpson is distinguished from the present cases, because the traverse in Simpson created an issue of fact. The traverse in this case does not create an issue of fact. *380 Rather, the traverse disputes an interpretation of law.
In Simpson, the female defendant was found in possession of numerous oxyco-done tablets. She claimed that not only did she have a valid prescription for her pills, but she was also the legal custodian of her husband’s pills and that he had a valid prescription. The State’s traverse disputed two issues: (1) whether the defendant’s husband had a valid prescription; and (2) whether she was the custodian of her husband’s oxydodone. Because the State created an issue of fact by its traverse, we affirmed the trial court’s denial of the defendant’s motion to dismiss.
In contrast, here the State stipulated there were no factual issues. Instead, it argued that by obtaining prescriptions in violation of the “doctor shopping” statute, there was no “valid prescription” as a matter of law. The State’s argument rested on the legal issue of whether a violation of the doctor shopping statute vitiates the “valid prescription” defense to trafficking or possession of a controlled substance.
We reject this argument because nothing in either sections 499.03(2) or 893.13(7)(a)8., Florida Statutes, eliminates the valid prescription defense to trafficking or possession of a controlled substance if the prescription is obtained in violation of the doctor shopping statute. That may have been the intention of the Legislature,[3] but we are constrained by the rules of statutory interpretation to follow the plain language of the statute. Holly v. Auld, 450 So.2d 217 (Fla.1984).
Accordingly, we affirm the orders of the trial court as to both issues.

Affirmed.

MAY, C.J., concurs.
WARNER, J., concurs specially with opinion.

. To be clear, Knipp and Kiser were not co-defendants below. However, they were each charged with withholding information from a medical practitioner and trafficking in oxyco-done (among other charges), based on nearly identical incidents. The defendants were represented by the same defense counsel and filed identical motions to dismiss, The trial court’s ruling on the motions was also the same in each case, and the issues on appeal and cross-appeal are identical.

. See Definitions of withhold, onelook dictionary search, http://www.onelook.coin/?w= withhold & ls=a (last visited July 19, 2011).

. The Legislature may well want to consider amending section 499.03 or 893.13(7)(a)8. to address this issue.