POLEN, J.
James Francis Wagner appeals the final judgment of the trial court, adjudicating him guilty of trafficking in Oxycodone, possession of Xanax, withholding information from a practitioner, and two counts of obtaining Oxycodone and Xanax by fraud. Wagner makes two arguments on appeal: (1) that the trial court reversibly erred and committed fundamental error when it added the phrase, “for a lawful purpose,” to the section 893.13(6)(a), Florida Statutes (2007), “prescription defense” jury instruction; and (2) that the trial court erroneously denied his motions for judgment of acquittal. We agree with Wagner on the first issue. As to the second issue, we affirm as the question of a valid prescription defense, given a proper jury instruction, would be a question for the jury.
The information alleged that Wagner obtained prescriptions for controlled substances from two different physicians during the period from July 15, 2007, to August 15, 2007. At trial, the State introduced prescriptions from Dr. Terrero dated July 15 and August 15. The State argued that Wagner obtained a prescription from Dr. Doldan on July 31, 2007, which made the August 15 prescription illegal pursuant to section 893.13(6)(a).
Judith Gonzalez-Doldan, the office manager for her late husband, Dr. Eustabio Gonzalez-Doldan, testified that Wagner began seeing Dr. Doldan on July 31, 2007. She created a chart for Wagner, which indicated that he previously treated with a doctor in Delray Beach. The chart did not mention Dr. Terrero. According to Gonzalez-Doldan, on July 31, 2007, Dr. Doldan prescribed Wagner Roxicodone, Xanax, and a bottle of Oxydose. At trial, the office manager for Dr. Terrero identified a prescription signed by Dr. Terrero for Wagner for Oxycodone and Xanax. The prescription was dated August 15, 2007. He also identified forms signed by Wagner, dated August 15, wherein Wagner stated that he did not receive any narcotic medication from another practitioner.
Molly Herrera, Dr. Doldan’s medical assistant, assisted Dr. Doldan with writing prescriptions because of Dr. Doldan’s physical limitations related to his illness. She testified that she wrote and signed duplicate prescriptions for Roxicodone for Wagner which were not authorized by Dr. Doldan, and that Wagner knew the prescriptions were fraudulent. Although she wrote two prescriptions for Wagner, she testified that Wagner filled only one of them.
Using a confidential informant, a pharmaceutical crimes agent of the Palm Beach County Sheriff’s Office placed recorded controlled calls to Wagner to set up a sale *252 between the informant and Wagner. Upon meeting to make the sale, Wagner was arrested. Four prescription pill bottles, containing Oxycodone and Xanax, were found in Wagner’s pocket. Thereafter, the agent met with Molly Herrera who gave a statement, admitting that she had written fraudulent prescriptions for Wagner. The agent testified that all of the pill bottles found on Wagner were prescribed by Dr. Terrero and none of the prescriptions were from Dr. Doldan.
After Wagner’s motions for judgments of acquittal were denied, he requested a special jury instruction for a “valid prescription” affirmative defense to the trafficking and possession charges. The court ruled that Wagner was entitled to the instruction, but omitted the phrase “while acting in the course of his or her professional practice” from the instruction and added the phrase “for a lawful purpose” to the instruction. During closing argument, the State replayed the controlled calls, conceded that Wagner had a prescription, but argued that the prescription was not valid because Wagner possessed the drugs for an “unlawful purpose.” The trial court instructed the jury as follows:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained for a lawful purpose from a practitioner or pursuant to a valid prescription....
In accordance with the jury’s verdict, the trial court adjudicated Wagner guilty on all counts charged. This appeal followed.
To warrant reversal, an incorrect jury instruction must be so prejudicial that a miscarriage of justice would result. Williams v. State, 982 So.2d 1190, 1193 (Fla. 4th DCA 2008) (citing Johnson v. State, 747 So.2d 436, 438 (Fla. 4th DCA 1999)). “[Wjhere ... a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant.” Id. at 1194 (quoting Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985)).
Section 893.13(6)(a), Florida Statutes (2007), provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter.
Pursuant to section 893.13(7)(a)8., Florida Statutes (2007), it is unlawful for any person:
To withhold information from a practitioner from whom the person seeks to obtain a controlled substance or a prescription for a controlled substance that the person making the request has received a controlled substance or a prescription for a controlled substance of like therapeutic use from another practitioner within the previous 30 days.
“‘[W]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.’ ” Kasischke v. State, 991 So.2d 803, 807 (Fla.2008) (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005)). A valid prescription is a complete defense to trafficking and a defendant is entitled to a jury instruction on this defense. O’Hara v. State, 964 So.2d 839, 847 (Fla. 2d DCA 2007). In Knipp v. State, 67 So.3d 376 (Fla. 4th DCA 2011), this court rejected *253 the State’s argument that by obtaining prescriptions in violation of section 893.13(7)(a)8., Knipp did not possess a valid prescription as a matter of law:
[NJothing in either sections 499.03(2) or 893.13(7)(a)8., Florida Statutes, eliminates the valid prescription defense to trafficking or possession of a controlled substance if the prescription is obtained in violation of the doctor shopping statute. That may have been the intention of the Legislature, but we are constrained by the rules of statutory interpretation to follow the plain language of the statute.
Id. at 380 (internal citations omitted).
We hold that Wagner’s alleged violation of section 893.13(7)(a)8. did not invalidate his prescription. Knipp. We further hold that Wagner’s subsequent decision to sell the contents of his prescription did not affect the validity of the prescription. As such, the trial court’s jury instruction misstated the law, misled the jury, and negated Wagner’s only defense. The State emphasized the lawful purpose “requirement” in its case in chief and during closing argument. As the jury could have improperly relied on the erroneous instruction, we hold that the State has not proved beyond a reasonable doubt that the error was harmless and did not contribute to the jury’s verdict. However, the erroneous instruction was not given as to the withholding from a practitioner charge. As such, we hold the error could not have contributed to the jury’s guilty verdict as to this charge, and thus affirm.

Affirmed in part, and Reversed and Remanded, in part, for a New Trial.

CONNER, J., and GILLESPIE, KENNETH L., Associate Judge, concur.