PER CURIAM.
The Appellant, Naomi Gonzalez, was charged with one count of trafficking in oxycodone by possessing four grams or more but less than fourteen grams, and one count of withholding information from a practitioner. She filed a motion to dismiss the trafficking count based on the prescription defense. After her motion was denied, she pled no contest to both counts, reserving her right to appeal the dispositive order denying her motion. Because the state’s traverse disputed an interpretation of law rather than the factual issue of whether Gonzalez had a valid prescription, we reverse.
Gonzalez’s motion to dismiss alleged that she had valid prescriptions for the pills found in her possession. In its first traverse, the state denied that Gonzalez had valid prescriptions. The state then clarified in a second traverse that it disputed whether a prescription obtained fraudulently was valid.
At the hearing on the motion to dismiss, the state stipulated to the facts contained in Gonzalez’s motion, and argued that the second prescription was not valid because Gonzalez procured it by telling the doctor that she had not obtained a prescription for oxycodone within the prior thirty days.
We review the denial of the motion to dismiss de novo. Knipp v. State, 67 So.3d 376, 378 (Fla. 4th DCA 2011). “The function of a [Florida Rule of Criminal Procedure 3.190] ‘(c)(4)’ motion is to ascertain whether the undisputed facts which the state will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged.” State v. Walthour, 876 So.2d 594, 595 (Fla. 5th DCA 2004) (citations omitted). The trial court must deny the motion if the state files a traverse that with specificity denies under oath the material facts alleged in the motion. Knipp, 67 So.3d. at 378.
Section 499.03(1), Florida Statutes (2009), provides in part:
A person may not possess, or possess with intent to sell, dispense, or deliver, any habit-forming, toxic, harmful, or new drug subject to s. 499.003(32), or prescription drug as defined in s. 499.003(42), unless the possession of the drug has been obtained by a valid prescription of a practitioner licensed by law to prescribe the drug.
The state argues that Gonzalez’s prescription wasn’t valid because she obtained it in violation of section 893.13(7)(a)8., Florida Statutes (2009), also known as the “doctor shopping statute.” This court has rejected that argument in cases involving various manners of violating the doctor shopping statute. Id. at 380 (defendants failed to advise doctor they had obtained a prescription for oxycodone within the previous thirty days); Wagner v. State, _ So.3d _, _, 2012 WL 75107 (Fla. 4th DCA 2012) (defendant signed a statement that he had not received any narcotic medication from another doctor).
Accordingly, we reverse and remand with directions to vacate the conviction for trafficking in oxycodone. Gonzalez does not challenge her conviction for doctor shopping.
POLEN, TAYLOR and HAZOURI, JJ„ concur.