[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13940
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01698-RBD-TBS


SHIRLEY JOHNSON, individual,

Plaintiff - Appellant,

versus

NEW DESTINY CHRISTIAN CENTER CHURCH, INC.,
Florida not for profit corporation,
a.k.a. Paula White Ministries,
PAULA MICHELLE MINISTRIES, INC.,
Florida not for profit corporations,
a.k.a. Paula White Ministries,
PAULA MICHELLE WHITE,
individually and in her official capacity as President,
Director and Senior Pastor of New Destiny Christian
Center Church, Inc., and as Director and Incorporator
of Paula Michelle Ministries, Inc., and as Director
of Resurrection Life THC, Inc.,
a.k.a. Paula Michelle Cain,

Defendants - Appellees,

RESURRECTION LIFE THC, INC.
Florida non-profit (not for profit) corporation,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 20, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Shirley Johnson, proceeding *pro se*, appeals from the district court's order declining to award her punitive damages following a bench trial in her successful action against New Destiny Christian Center Church, Inc. ("New Destiny"), Paula Michelle Ministries, Inc. ("PWM"), and Paula Michelle White.  We affirm.

**I.**

In 2014, PWM sued Johnson for copyright infringement.  Johnson operates a YouTube channel.  She uses that channel primarily to criticize White's sermons at New Destiny, frequently posting video clips of those sermons, commenting on and critiquing them, and arguing that White misrepresents the true tenets of Christianity.  White's son, the manager of PWM's online presence, consulted with PWM's attorney to determine whether PWM had a viable copyright claim against Johnson based on her use of clips of White's sermons.  Counsel stated he believed

2

there was a valid legal basis for a lawsuit, so PWM brought one.  Defendants aver that after some time passed, counsel advised that the legal fees outweighed any benefit from the suit, and PWM voluntarily dismissed it.

Johnson then brought this *pro se* malicious prosecution diversity action under Florida law.  Because of Defendants' misconduct during discovery, the district court entered a default judgment against them on the merits.  *See* Fed. R. Civ. P. 37(b)(2)(vi).  The action then proceeded to a bench trial on damages.

Johnson sought non-economic damages and nominal damages pursuant to 17 U.S.C. § 512(f) and punitive damages pursuant to Fla. Stat. § 768.73.  In support of her punitive damages claim, she alleged intentional malice in Defendants' bringing the copyright infringement suit, asserting that White had personally attacked her in her sermons.  But evidence on those sermons adduced at trial revealed that White never mentioned Johnson by name.  In one sermon that Johnson contends is relevant, White said, "I intend to be a menace to you" and "I am in this battle, and I am going to win this battle."  White testified that "this battle" was against Satan as an "enemy to [] God's kingdom" and that she never directs her sermons at anything personal.  Yet in another sermon, White asserted she was being persecuted and referred to a "legal situation."  White admitted that the only lawsuit in which she was a party was Johnson's suit against her and that she could have

3

been referring to Johnson.  But she could not say with certainty that "legal situation" meant "lawsuit," as there were other "legal situations" the church faced.

After the bench trial, as stipulated by the parties, the district court awarded $1,207.93 in economic damages incurred in defending the copyright infringement action.  It also awarded $12,500.00 in damages for emotional distress resulting from that action.

But the court refused to award punitive damages.  Citing Florida law, the court explained that it needed to consider several items in light of the evidence presented: the egregiousness of each defendant's conduct; the degree of harm; and each defendant's net worth.  The court concluded that although the copyright infringement action may have been motivated in some part by ill will, there was still insufficient evidence to support a punitive damages award.  In particular, based partly on its credibility assessments,[1] it found that PWM had a good-faith basis for relying on counsel in initiating the copyright infringement action and that PWM's primary purpose in that action was to prevent infringement.

## II.

---

[1] White's son had testified that several YouTube channels would be listed in the search results for "Paula White Ministries" or "Paula White," even though those channels were not affiliated with PWM or White.  He stated that it was "[v]ery important" to PWM that it "concentrate viewership" of its copyrighted material on its own YouTube channel, over which it had control.  The district court credited this testimony, which was intended to show that PWM had a non-malicious motive in protecting its copyrighted materials.

Johnson timely appealed.  She raises numerous issues before us.  These include, at least in her statement of the issues,[2] whether the district court erred in denying punitive damages; whether the district court erred in finding insufficient evidence of malice; whether the district court erroneously allowed Defendants to use an advice-of-counsel "affirmative defense";[3] whether the district court

---

[2] Later in her briefing, Johnson also raises other arguments that are without merit.  First, she argues that "the district court erred in finding that a default judgment was punishment enough for [Defendants]" (capitalization removed).  We suspect this point is another way of framing her request for punitive damages.  If she means the argument literally, we still reject it.  Johnson failed to object to the magistrate judge's recommendation of default judgment, which the district court adopted.  This Court's rules bar Johnson's argument on appeal.  *See* 11th Cir. R. 3-1 (forbidding challenges on appeal to magistrate judge's report and recommendation if party had the opportunity to object).  To the extent Johnson refers to her request following the default judgment that the district court grant all the relief asked for in her complaint, the district court was not required to grant that request.  The scope of the discovery sanction was the district court's choice.  Indeed, we employ an abuse-of-discretion standard in evaluating the district court's decision to impose a default-judgment sanction under Rule 37.  *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985) ("On appeal we will . . . find an abuse of discretion if less draconian but equally effective sanctions were available.").  Having reviewed the record, we conclude the district court did not abuse its discretion in declining to award without a hearing the damages for which Johnson prayed in her complaint.

Johnson also later contends that the district court was biased against her.  We find no merit in this contention, which is simply a recasting of Johnson's broader argument: that the district court made inferences from the facts with which Johnson disagrees.  We note also that she never moved for the district judge to recuse.

Finally, Johnson appears to believe the district court erred in calculating her compensatory damages.  We do not find this issue has been "plainly and prominently" raised, certainly here and perhaps even in the district court, and we therefore deem it abandoned.  *See United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue—even if properly preserved at trial—will be considered abandoned." (quoting *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003)), *petition for cert. filed*, (U.S. Jan. 7, 2019) (No. 18-891).

[3] Johnson appears to suggest the default judgment nullified Defendants' answer containing their advice-of-counsel affirmative defense, which means they should not have been able to use advice-of-counsel evidence.  Yet "even a sanctioned defendant must be permitted to contest the nature and extent of its wrongdoing in the punitive-damages phase of the trial."  *Belle Glade Chevrolet-Cadillac Buick Pontiac Oldsmobile, Inc. v. Figgie*, 54 So. 3d 991, 998 (Fla. 4th

5

erroneously allowed Defendants to "re-argue" the issue of fair use; and whether various agency law theories apply in this case.[4]

Notwithstanding Johnson's framing of the issues, our review convinces us that this appeal boils down to one question: whether the district court erred in finding the evidence insufficient to support an award of punitive damages.

"After a bench trial, we review a district court's decision to award or deny punitive damages for abuse of discretion." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1035 (11th Cir. 2014). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004)). "When findings of fact are based on determinations about witnesses' credibility, the deference accorded the trial judge is even more significant 'for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of

---

DCA 2010). The advice-of-counsel evidence was highly probative of the motive for pursuing the copyright infringement suit.

[4] Johnson argues that PWM and New Destiny are vicariously liable for White's actions. But that argument is irrelevant to the question of punitive damages. The district court did not deny punitive damages on the grounds that White's actions could not be imputed to her companies but rather on the grounds that Johnson failed to show intentional misconduct or gross negligence as required for punitive damages under Florida law. Further, the district court directed the clerk to enter judgment for the compensatory damages jointly and severally against all the defendants—White, New Destiny, and PWM.

and belief in what is said.'" *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1335 (11th Cir. 1999) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).

In a diversity case, we apply state substantive law to determine whether there was sufficient evidence of conduct warranting punitive damages. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000). Florida law provides that a "defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2). "'Intentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." *Id.* § 768.72(2)(a). "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *Id.* § 768.72(2)(b). Given these exacting standards, even for torts where liability also "contain[s] . . . the elements of willfulness, a finding of liability for compensatory damages does not dictate an award of punitive damages." *Bankers Multiple Line Ins. Co. v. Farish*, 464 So. 2d 530, 533 (Fla. 1985).

Here, the district court did not abuse its discretion in declining to award Johnson punitive damages. The district court correctly applied Florida law, and its factual determinations were not clearly erroneous. The record supports Defendants' contention, credited by the district court, that they relied on counsel to investigate whether there was a reasonable, good-faith basis to sue Johnson for copyright infringement. The record and the district court's credibility determinations also demonstrate that the court did not clearly err in concluding that Defendants' primary motive for the infringement suit was to protect their copyright. As for White's sermons, they are at best tenuous evidence that White was upset with Johnson—certainly not enough to demonstrate "intentional misconduct or gross negligence" in deciding to bring the copyright infringement suit. Finally, although Johnson's briefing regularly refers to Defendants' misconduct during discovery, Defendants have already faced a serious sanction for that misconduct. Any liability for punitive damages turns on Defendants' tortious conduct before, not during, this lawsuit. *Cf. Ault v. Lohr*, 538 So. 2d 454, 456 (Fla. 1989) (finding that, although it does not require a compensatory damages award, a punitive damages award requires a finding of liability for the underlying cause of action).

Because the record and the district court's credibility determinations support the conclusion that Defendants filed the copyright infringement suit to protect their

copyright rather than out of malice against Johnson, the district court did not err in declining to award punitive damages.[5]  Accordingly, the district court's rulings in all respects are

**AFFIRMED.**

---

[5] Johnson moved to amend the judgment under Rule 52(b) of the Federal Rules of Civil Procedure, contending the district court overlooked or disregarded evidence that entitled her to punitive damages.  The district court denied that motion, finding Johnson was "simply unhappy with the result" and was impermissibly attempting to relitigate a matter already decided.  Johnson also appeals the district court's order denying her motion to amend.  Having reviewed the motion, we conclude the district court's characterization was correct: Johnson sought to call the court's attention to evidence already presented and considered.  Rule 52(b)'s limited scope forecloses Johnson's strategy.  *See Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) ("The purpose of [Rule 52(b) motions] is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence.").  It bears emphasizing that in a district court's Rule 52(a) opinion memorandum of a decision following a bench trial, the court is "not obliged to recite and analyze individually each and every piece of evidence presented by the parties."  *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1353 (11th Cir. 2005).  As we affirm the district court's decision on the merits, we necessarily also affirm its ruling on Johnson's Rule 52(b) motion.