DISTRICT COURT OF APPEAL FOR THE STATE OF FLORIDA
FOURTH DISTRICT

**ACE WEINTRAUB,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-991

[November 3, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case Nos. 50-2009-CF-014637-AXXX-MB, 50-2009-CF-014738-AXXX-MB, 50-2009-CF-002852-AXXX-MB.

Michael Salnick of Law Offices of Salnick & Fuchs, PA, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Ace Weintraub appeals the summary denial of a rule 3.850 motion seeking to withdraw a plea. He asserts that the trial court failed to adequately address three claims of ineffective assistance of counsel and requests an evidentiary hearing. We affirm without discussion the trial court's summary denial of claims two and three. However, as discussed below, we reverse and remand for further proceedings with respect to claim one.

**Background**

In exchange for an opportunity to provide substantial assistance and potentially avoid a 25-year mandatory minimum sentence, Weintraub entered a guilty plea to felony drug charges in three cases. He subsequently moved to withdraw his plea as involuntary, pursuant to rule 3.170(*l*). This motion was denied, and the trial court's order was affirmed

by this court on appeal. *Weintraub v. State*, 242 So. 3d 1119 (Fla. 4th DCA 2018) (table decision).

One year later, Weintraub timely filed a rule 3.850 motion raising three claims of ineffective assistance of counsel. Weintraub alleged that his attorney was ineffective for: (1) misadvising him about a prescription defense to trafficking in oxycodone; (2) failing to pursue an entrapment defense; and (3) failing to file a motion to dismiss based upon the prescription defense. Weintraub further alleged that, if properly advised, he would not have entered the plea and would have proceeded to trial.

The record does not refute Weintraub's initial rule 3.850 claim—that he had a valid prescription and was not advised by counsel about the availability of a prescription defense. The State has not alleged or demonstrated that Weintraub did not have a valid prescription or that he obtained the oxycodone illegally. *Cf. State v. Paez*, 201 So. 3d 804, 805–06 (Fla. 4th DCA 2016) (reversing an order granting a motion to dismiss where the defendant admitted that she bought the controlled substance illegally and knew she should not have had the pills without a proper prescription); *Day v. State*, 119 So. 3d 485, 488–91 (Fla. 1st DCA 2013) (concluding the failure to instruct the jury on a prescription defense was not fundamental error because defendant admitted at the time of arrest and in a later interview that he purchased the pills illegally).

Further, Weintraub was not charged with trafficking based upon sale or delivery of a trafficking amount. The charge was based upon possession of a trafficking amount. "A valid prescription is a complete defense to trafficking . . . ." *Wagner v. State*, 88 So. 3d 250, 252 (Fla. 4th DCA 2012). Whether Weintraub previously sold some pills from his prescription or intended to sell them does not overcome a prescription defense to trafficking. *See id.* at 253 ("We further hold that [defendant's] subsequent decision to sell the contents of his prescription did not affect the validity of the prescription."); *Celeste v. State*, 79 So. 3d 898, 900 (Fla. 5th DCA 2012) (concluding that judgment of acquittal should have been granted because evidence that defendant intended to sell his prescribed oxycodone was insufficient to defeat his prescription defense); *Glovacz v. State*, 60 So. 3d 423, 425–26 (Fla. 1st DCA 2011) (holding it was fundamental error to not give a prescription defense jury instruction on a trafficking charge notwithstanding defendant's acknowledgment that she gave some of her pills to an undercover officer).

Finally, contrary to the State's argument, Weintraub's allegation that he would not have entered the plea if properly advised is not inherently

2

incredible.  Trafficking was the most serious charge he faced and the only one carrying a 25-year mandatory minimum sentence.

## Conclusion

Because Weintraub has stated a facially sufficient rule 3.850 claim that is not refuted by the record, we reverse the summary denial of his first claim and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CONNER, C.J., GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***