WALLACE, Judge.
Darryl M. Smith appeals the judgments and sentences imposed on him after a jury found him guilty of trafficking in cocaine, trafficking in illegal drugs (hydrocodone), and possession of cannabis with the intent to sell. Mr. Smith raises two issues on appeal related to his conviction for trafficking in illegal drugs. We reject without discussion Mr. Smith’s argument that the State committed a Brady[1] violation involving the evidence. However, because we agree with Mr. Smith that the trial court erred in denying his request to instruct the jury on his defense that he had a prescription for the hydrocodone, we reverse Mr. Smith’s judgment and sentence on the charge of trafficking in illegal drugs. We remand Mr. Smith’s case to the trial court for a new trial on that charge only.
On April 13, 2005, police officers entered Mr. Smith’s residence in accordance with a search warrant. At the residence, Mr. Smith assisted the officers in opening a safe in which the officers found a quantity of marijuana, cocaine, a loose Vicodin tablet, an unlabeled prescription bottle containing a quantity of Vicodin tablets, and another prescription bottle — labeled with Mr. Smith’s name — containing additional Vicodin tablets and two Xanax pills. A Vicodin tablet contains a mixture of acetaminophen and hydrocodone. Based on the weight of the Vicodin tablets, the State charged Mr. Smith with trafficking in illegal drugs (hydrocodone) in violation of section 893.135(l)(c)(l)(c), Florida. Statutes (2004).
At trial, Mr. Smith called the employees of two pharmacies to testify on his behalf. These employees testified that their pharmacies had filled a total of three Vicodin prescriptions for Mr. Smith. One employee testified that his pharmacy had filled two prescriptions in September 2004. The other employee testified that his pharmacy had filled one prescription in January 2005. Next, Mr. Smith took the witness stand in his own defense and testified that the Vicodin had been prescribed for him to treat pain stemming from a back injury that he had suffered several years earlier.
During the charge conference, Mr. Smith requested that the trial court instruct the jury on the “prescription defense,” i.e., that it was not illegal for him to possess the Vicodin tablets if he had a valid prescription for them. Mr. Smith argued that because the issuance of a valid *178 prescription is a defense to simple possession of illegal drugs under section 893.18(6), the issuance of a valid prescription is also a defense to trafficking when the trafficking charge is based on possession of a qualifying amount of the illegal drug.
In accordance with rule 3.390(c) of the Florida Rules of Criminal Procedure, Mr. Smith submitted a proposed jury instruction[2] in writing to the trial court. The trial court denied Mr. Smith’s request because the standard jury instructions for “Drug Abuse” offenses do not include an instruction on the prescription defense.[3] See Fla. Std. Jury Inste. (Crim.) 25.1-.18. In a somewhat inconsistent decision, the trial court also ruled that Mr. Smith could argue his prescription defense to the jury and that any objection by the State to that argument would be overruled. Mr. Smith’s counsel declined to accept this ruling as an adequate substitute for the requested jury instruction, stating: “The problem is, [the jury is] not being instructed that that’s the law.”
In O’Hara v. State, 32 Fla. L. Weekly D1707, D1709, 2007 WL 2042821 (Fla. 2d DCA July 18, 2007), we recently determined that a defendant is entitled to have the jury instructed that it is “not illegal to possess hydrocodone if it had been prescribed” when charged with trafficking under section 893.135. In O’Hara, the appellant had presented evidence at trial that he had a valid prescription for the Vicodin tablets that formed the basis for the State’s trafficking charge against him. Id. at D1707. Further, the appellant had requested the trial court to instruct the jury that having a prescription was a defense to the trafficking charge. Id. The trial court denied the appellant’s request. Id. The appellant was convicted of the trafficking charge. Id. On appeal, he argued that the trial court erred by denying his request for a jury instruction on the prescription defense. Id. We reversed the conviction, reasoning that the appellant was entitled to the requested jury instruction, and we remanded the case to the trial court for a new trial. Id. at D1709.
Based on our decision in O’Hara^ we reverse the judgment and sentence imposed on Mr. Smith for trafficking in illegal drugs.[4] We remand this case to the trial court for a new trial on only the charge of trafficking in illegal drugs. At his new trial, Mr. Smith shall be entitled to have the jury instructed on his prescription defense, provided that the evidence at trial would support such a defense. See Thomas v. State, 787 So.2d 27, 29 (Fla. 2d DCA 2001). In all other respects, we affirm the judgments and sentences imposed on Mr. Smith.
Affirmed in part, reversed in part, and remanded for a new trial.
WHATLEY and VILLANTI, JJ., concur.

. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that the prosecution violates due process when it suppresses requested evidence that is material to guilt and favorable to an accused).

.Although the State objected to the trial court giving the proposed instruction on the prescription defense, the State has not challenged the content of the proposed instruction either in the trial court or in this appeal. Therefore, we express no opinion on the content of the proposed jury instruction in this case.

. We suggest that the Supreme Court Committee on Standard Jury Instructions in Criminal Cases may wish to consider proposing for publication and for use a standard jury instruction on the prescription defense.

. In fairness to the able trial judge, we note that he did not have the benefit of our decision in O’Hara when Mr. Smith’s case went to trial.