WOLF, J.
Appellant challenges her conviction and sentence for trafficking in hydrocodone, raising three issues regarding the “prescription defense.” We affirm the trial court’s denial of the motion for judgment of acquittal but reverse the conviction because the failure to instruct the jury on the “prescription defense” constituted fundamental error under the circumstances of this case.
Appellant was arrested and charged with trafficking in hydrocodone based on her actual possession of a pill bottle, labeled as belonging to her husband, which contained Lorcet tablets. Appellant proceeded on the sole defense theory that she was holding the pills for her husband.
While the State argued appellant’s possession of the pills alone required her conviction, the State introduced evidence which contradicted appellant’s defense. Specifically, the officer testified the pill bottle contained two different colors of Lorcet tablets and the bottle, which apparently had been filled the day before for 60 pills, contained only 13 pills. In addition, the arresting officer testified he asked appellant if she used the pills, and she responded she had used some of the pills in the past.
To explain these relevant inconsistencies, appellant and appellant’s husband testified at trial the husband took Lorcet pills daily for his back problems and collected *39 the monthly Lorcet prescriptions together in one jar, which remained locked in a safe in their home. The husband explained he would take a small number of those pills and put them in a prescription bottle that his wife would carry for him during the day because his work clothing lacked pockets. In addition, appellant testified she told the officer she had taken the pills in the past because she had previously been prescribed Lorcet by the same physician.
I. Motion for Judgment of Acquittal
Appellant first asserts the trial court erred in denying her motion for judgment of acquittal, arguing the State had not rebutted her affirmative defense. The “prescription defense” is codified in section 893.13(6), Florida Statutes (2008), and provides in pertinent part:
(6)(a) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice....
As reason dictates, the prescription defense is clearly available to those who have a valid prescription written directly on their behalf for the pills in their possession. O’Hara v. State, 964 So.2d 839 (Fla. 2d DCA 2007) (extending the prescription defense to prosecutions involving trafficking charges); Smith v. State, 965 So.2d 176 (Fla. 2d DCA 2007). However, both appellant and the State concede there is no case in Florida interpreting the validity of the prescription defense in situations in which the prescription is found on another individual who may have an innocent explanation for the possession.*
In determining whether the defense is available in these situations, the language of the statute combined with existing state pharmaceutical laws are instructive. Specifically, the use of the term “lawfully obtained” in the statute can be read as authorizing possession to only those individuals who have a legally recognized reason for the possession. Pursuant to section 465.003(6), Florida Statutes (2008), pharmacies may lawfully dispense medications to a consumer or his or her agent. Further, a pharmacist may dispense a schedule III controlled substance “when the pharmacist or pharmacist’s agent has obtained satisfactory patient information from the patient or the patient’s agent.” § 893.04(2)(a), Fla. Stat. (2008). Thus, schedule III controlled substances may be “lawfully obtained” by an agent of the prescription holder who can provide “satisfactory patient information.” An agent is “[o]ne who is authorized to act for or in place of another.” Black’s Law Dictionary 68 (8th ed. 2004).
Here, appellant asserted she was holding her husband’s pills on his behalf, and this allegation, if taken as true, established an agency relationship authorizing her possession of the pills pursuant to Florida law. However, an inquiry into the correctness of a trial court’s ruling on a motion for judgment of acquittal does not end there. Specifically, “[i]n passing on a motion for judgment of acquittal where a *40 defendant has asserted an affirmative defense, 'the proper test is to determine, first, whether the defendant produced competent evidence of an affirmative defense and, second, whether the state has carried its burden of contradicting that evidence to the extent that a jury issue is made.’ ” B.D.K. v. State, 743 So.2d 1155, 1157 (Fla. 2d DCA 1999) (quoting Williams v. State, 468 So.2d 447, 449 (Fla. 1st DCA 1985)); see also Stinson v. State, — So.3d-(Fla. 1st DCA 2009) (noting appellant retains the burden of proving an affirmative defense and once pi’oved, a motion for judgment of acquittal should be granted if the State cannot overcome the defense through rebuttal or inference in its case in chief).
Appellant and her husband’s testimony provided competent, substantial evidence supporting the prescription defense. However, the State presented evidence (including appellant’s statement to the officer that she took the pills and the questionable nature in which the pills were bottled) which contradicted that innocent explanation, creating a jury question as to appellant’s guilt. Accordingly, the trial court did not err in denying the motion for judgment of acquittal.
II. Jury Instructions and Fundamental Error
In her second issue, appellant asserts fundamental error occurred when the jury was not instructed on the prescription defense. Appellant asserts this error was compounded by the prosecutor’s repeated statements in closing argument informing the jury there was no defense to appellant’s possession of the pills.
In Martinez v. State, 981 So.2d 449, 455 (Fla.2008), the supreme court held the failure to give a jury instruction on an affirmative defense would not constitute per se fundamental error. Instead, “[wjhere the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’ ” Id. (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)). A defendant is deprived of a fair trial if the error divests the defendant of his or her “sole, or ... primary, defense strategy” and that defense is supported by evidence adduced at trial that could not be characterized as “weak.” Id. at 455-57. See also Richards v. State, 39 So.3d 431, (Fla. 2d DCA 2010).
In the underlying case, appellant and appellant’s husband presented the prescription defense for her possession. While the State introduced contradictory evidence refuting the defense, the jury was never instructed they had a choice to accept appellant’s defense. In fact, not only was the jury not told of the defense, but the prosecutor informed the jury:
They want you to say, so what, they’re her husband’s pills, of course she can have them, but you know what you won’t hear, when the Judge reads you the law, you won’t hear that she had a right to have them because, after all, Hydroco-done is a controlled substance.
[[Image here]]
You will not hear from the judge that it is a defense for this defendant to have the pills because her husband has a prescription. You will not hear that. If you do not hear that, then there is no defense in the law for this defendant to have the pills.
Further compounding the error, the prosecutor explained to the jury “anyone can be charged with trafficking for having pills in them possession.” Based on the foregoing, there is no way of knowing if the jury would have acquitted appellant had it known there existed a prescription *41 defense and it had the option to accept her affirmative defense.
We recognize that where the challenged error involves jury instructions dealing with an affirmative defense, the fundamental error doctrine “‘should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.’ ” Martinez, 981 So.2d at 455 (quoting Smith, 521 So.2d at 108). However, because the defense constituted appellant’s only defense to the charge and there was substantial, albeit conflicting, evidence concerning the defense along with the egregiously incorrect argument from the prosecutor regarding the defense, this is one of those rare cases in which fundamental error has occurred. Accordingly, we reverse and find no need to reach appellant’s third issue asserting ineffective assistance of counsel based on defense counsel’s failure to request the prescription defense instruction.
REVERSED.
ROBERTS and ROWE, JJ., concur.

 Several states with statutory language similar to Florida have held the prescription defense is applicable to those other than the prescription holder. See State v. Waters, 2009-Ohio-6151, 2009 WL 4021193 (Ohio App. 11 th Dist. Nov. 20, 2009) (recognizing the prescription defense could include possessing pills for another but finding facts of the case did not warrant the defense); State v. Miller, 193 P.3d 92 (Utah 2008) (finding temporary possession of pills belonging to another can constitute innocent possession); State v. Blocker, 133 S.W.3d 502, 505-06 (Mo.2004) (finding Missouri statute authorized possession of pills by a family member).