VAN NORTWICK, J.
Susan Caroline Glovacz challenges her conviction for trafficking in hydrocodone raising multiple claims of error. Because the jury instructions given at trial constitute fundamental error, we reverse her conviction and vacate her sentence. Given this disposition, it is unnecessary for us to consider the other issues raised.
By amended information, appellant was charged with trafficking in Lortab in an amount greater than 14 grams but less than 28 grams. At the ensuing trial, the prosecution offered evidence that the controlled substance had been purchased from appellant by an undercover officer. Police had learned of appellant through a confidential informant. The officer posing as a woman in chronic pain contacted appellant in order to purchase hydrocodone. The undercover officer, according to the State’s evidence, came to appellant’s residence and purchased some thirty tablets. Appellant did not deny possessing the medication, but claimed to have a valid prescription for it; the State did not refute that claim. Further, appellant did not deny giving the undercover officer some of her medication, but claimed that she did not receive money therefor and instead expected the officer to give her back the same amount in a week or so when she obtained her own prescription. Besides claiming possession of a valid prescription, appellant raised an entrapment defense. Appellant was convicted of trafficking as charged and sentenced to a minimum mandatory sentence of fifteen years.
Appellant did not request that the jury be instructed that the possession of a prescription may be a valid defense to the charge of possession of a controlled substance. The knowing possession of a certain amount of a controlled substance may constitute the offense of trafficking. Here, the verdict included possession as a lesser offense. The jury was instructed in pertinent part:
To prove the crime of Trafficking in Illegal Drugs, the State must prove the following four elements beyond a reasonable doubt:
1. SUSAN CAROLINE GLOVACZ knowingly sold, delivered or possessed a certain substance.
2. The substance was hydrocodone or a mixture containing hydrocodone.
3. The quantity of the substance involved as 14 grams or more.
4. SUSAN CAROLINE GLOVACZ knew that the substance was hydroco-done or a mixture containing hydroco-done.
[[Image here]]
To “possess” means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
In closing argument, the prosecutor, in arguing for a guilty verdict as to the charged offense, suggested the jury begin its deliberations by considering the lesser offenses listed on the verdict, which included possession of a controlled substance. Said the prosecutor:
And the way it works is when you go back to deliberate, there’s the main charge, which is the first one listed: Guilty of trafficking in hydrocodone, 14 grams or more but less than 28 grams, as charged in the information. Then there’s three lesser-included charges there.
And if you sort of look at it — you can start at the very bottom — and you say, okay, well, not guilty. What did the State prove? Well, if you go up one, *425 and you sort of say, guilty of possession of hydrocodone, a lesser-included offense — meaning it’s included in the main offense. And we’re asserting to you, well, yeah, that was proved because the defendant possessed hydro-codone, gave it to the undercover narcotics officer.
What about the next one? Guilty of sale, or delivery, or possession with the intent to sell or deliver hydrocodone, a lesser-included offense. That would be applicable if we didn’t prove the amount in this case. That would be applicable if the weight of the hydrocodone, or the substance containing hydrocodone, was less than four grams. In this case, you received evidence from Don Rawls, at the Florida Department of Law Enforcement, stating that it was actually over 19 grams.
(Emphasis added).
A case recently decided by this court, McCoy v. State, 56 So.3d 37 (Fla. 1st DCA 2010), is instructive. In McCoy, the defendant sought reversal of her conviction for trafficking in hydrocodone on the ground inter alia that the jury instructions constituted fundamental error because the jury was not instructed on the “prescription defense.” The defendant did not deny that she possessed the drug, but she claimed that she was merely carrying the drug in her purse for her husband, who held a valid prescription. Besides the lack of an instruction that a possession of a prescription is a defense, the trial was also flawed, we held, as a result of the prosecutor’s erroneous closing wherein he argued:
They want you to say, so what, they’re her husband’s pills, of course she can have them, but you know what you won’t hear, when the Judge reads you the law, you won’t hear that she had a right to have them because, after all, Hydroco-done is a controlled substance.
[[Image here]]
You will not hear from the judge that it is a defense for this defendant to have the pills because her husband has a prescription. You will not hear that. If you do not hear that, then there is no defense in the law for this defendant to have the pills.
In holding that fundamental error occurred, this court explained:
We recognize that where the challenged error involves jury instructions dealing with an affirmative defense, the fundamental error doctrine “ ‘should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.’ ” [Martinez v. State, 981 So.2d 449, 455 (Fla.2008) (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)).] However, because the defense constituted appellant’s only defense to the charge and there was substantial, albeit conflicting, evidence concerning the defense along with the egregiously incorrect argument from the prosecutor regarding the defense, this is one of those rare cases in which fundamental error has occurred. Accordingly, we reverse and find no need to reach appellant’s third issue asserting ineffective assistance of counsel based on defense counsel’s failure to request the prescription defense instruction.
56 So.3d at 41.
The case before us is analogous. Here, Glovacz claimed at trial that she possessed a prescription for hydrocodone, and the State did not offer any evidence to the contrary. Also, the jury was not instructed that possession of a prescription is a valid defense. Although it is not clear from the instant record that such an instruction was requested, the lack of an ■instruction may be deemed fundamental *426 error given the prosecutor’s suggestion here that possession could support a conviction for trafficking. That the State believed proof of possession was a sufficient basis to convict is evidenced by the lesser included offense of simple possession.
Accordingly, on the authority of McCoy, the conviction for trafficking in a controlled substance is REVERSED, and the corresponding sentence is VACATED.
KAHN, and THOMAS, JJ„ concur.