CLAEK, J.
 

 Appellant challenges his conviction, after jury trial, for trafficking in hydrocodone in violation of section 893.135(l)(c)l., Florida Statutes. Because the Standard Criminal Jury Instructions were not sufficient to inform the jury of the statutory exception raised by .the evidence, because the state argued to the jury that “knowing possession” was sufficient to support a conviction, and because the statutory exception for lawfully prescribed hydrocodone was Appellant’s only defense, we reverse.
 

 The charge of trafficking in hydrocodone stemmed from an evening spent by Appellant with his girlfriend at a bar in Pensacola. The arresting officer testified that he had observed Appellant showing some pills to another patron and possibly exchanging them, and that Appellant confessed to the officer that he was selling the pills to pay for drinks. Appellant denied these actions and explained that the pills only left his pocket accidentally, when they fell out as he was reaching for his cigarettes in the same pocket. Whether or not the jury believed any transaction took place, there was no factual dispute that 6.6 grams of hydrocodone pills were found on Appellant’s person, an amount constituting “trafficking in illegal drugs” under section 893.135(l)(c)l., Florida Statutes.
 

 Appellant’s sole theory of innocence was that he was holding the pills for his girlfriend, who had a valid prescription for the pills but no pockets in her evening’s attire in which to carry them herself during the couple’s outing. Both Appellant and his girlfriend (who were married at the time of the trial), told the jury that Appellant was carrying the pills at the girlfriend’s request, providing some evidence that Appellant was acting as his girlfriend’s agent. The validity of the companion’s prescription was not challenged by the state and in fact was conceded in both closing argument and rebuttal.
 

 Section 893.135(1) introduces the prohibitions on selling, purchasing, and actually or constructively possessing the various controlled substances listed thereafter with the phrase: “Except as authorized in this chapter or in chapter 499, and notwithstanding the provisions of s. 893.13.” Sections 499.03 and 893.13(6), Florida Statutes, each provide exceptions to the prohibition on possession of certain controlled substances when such substance was obtained by a valid prescription. The standard jury instructions given at trial (25.11 — “Trafficking in Illegal Drugs” and 25.7 — “Drug Abuse — Possession”) contained no reference to the statutory prescription exceptions to section 893.135.
 

 The state’s closing argument emphasized to the jury the four elements of the trafficking charge, as described in the standard jury instruction, and stated: “The law is those four elements right there” and later, “The evidence shows that he possessed a certain substance; it was hydrocodone. It was four grams or more, and he knew the substance was hydroco-done. That’s it.” On rebuttal, the state reiterated the four elements and reminded the jury that they had sworn to uphold the law. As was the case in
 
 McCoy v. State,
 
 56 So.3d 37 (Fla. 1st DCA 2010), “there is
 
 *332
 
 no way of knowing if the jury would have acquitted appellant had it known there existed a prescription defense and it had the option to accept [his] affirmative defense.”
 
 McCoy v. State,
 
 56 So.3d at 40-41.
 

 This ease is analogous to
 
 McCoy v. State,
 
 56 So.3d 37 (Fla. 1st DCA 2010) and
 
 Glovacz v. State;
 
 60 So.3d 423 (Fla. 1st DCA 2011). As in those cases, there was conflicting evidence regarding a transaction of the controlled substance, failure by all participants and the standard jury instructions to acknowledge the statutory exceptions for possession pursuant to a valid prescription, failure by the state to refute Appellant’s role as his girlfriend’s agent, and the prosecutor’s argument that possession alone was sufficient to convict. For the reasons expressed in
 
 McCoy
 
 and
 
 Glovacz,
 
 and in light of the evidence presented in this case, the failure to instruct the jury on the prescription exceptions to section 893.135 was fundamental error.
 

 Accordingly, the conviction is REVERSED and the sentence VACATED.
 

 LEWIS and ROWE, JJ., Concur.