EVANDER, J.
 

 Kellie Williams appeals a judgment and sentence
 
 [1]
 
 for possession of clonazepam.
 
 [2]
 
 Williams contends that the trial court erred in failing to instruct the jury on her “prescription defense.” We agree.
 

 A defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence introduced at trial which supports that defense.
 
 Arthur v. State,
 
 717 So.2d 193, 194 (Fla. 5th DCA 1998). Here, Williams presented evidence that she was in temporary possession of the clonazepam at the request of the prescription holder. (The prescription holder took the clonazep-am for her bipolar condition and allegedly had memory problems that would sometimes prevent her from taking her medications at the appropriate time.) Because the trial court was of the apparent belief that the prescription defense was only available to the prescription holder, the jury was not instructed on such defense.
 

 Subsequent to the trial below, both this court and the First District Court of Appeal issued opinions concluding that the prescription defense extended to an individual authorized by the prescription holder to temporarily possess the medications on the holder’s behalf.
 
 See State v.
 
 Lato-
 
 no,
 
 75 So.3d 394, 395 (Fla. 5th DCA 2011) (“Section 893.13(6)(a), Florida Statutes (2009) permits an individual to legally possess a controlled substance where the controlled substance was obtained pursuant to a valid prescription. The prescription defense is available to the prescription holder and any individual authorized by the prescription holder to hold the medications on his or her behalf.”) (citation omitted);
 
 McCoy v. State,
 
 56 So.3d 37, 39 (Fla. 1st DCA 2010) (prescription defense available to wife who asserted that she was holding her husband’s pills on his behalf).
 

 REVERSED and REMANDED for new trial.
 

 ORFINGER, C.J. and PALMER, J., concur.
 

 [1]
 

 . The trial court withheld adjudication of guilt and sentenced Williams to time served.
 

 [2]
 

 . § 893.13(6)(a), Fla. Stat. (2009).