PER CURIAM.
Patrick M. Badgett, Senior, appeals the judgment and sentence imposed for Count I, trafficking in illegal drugs in violation of section 893.135(l)(c)l., Florida Statutes (2010), and Count VI, possession of methadone in violation of section 893.13(6)(a), Florida Statutes (2010). Pursuant to the State’s appropriate concession of error in the failure of the trial court to instruct the jury on Badgett’s “prescription defense,” *321 we reverse and remand for a new trial.[1] Williams v. State, 85 So.3d 1185, 1186 (Fla. 5th DCA 2012) (reversing for new trial where trial court was of the mistaken apparent belief that the prescription defense was only available to the prescription holder and thus did not instruct jury on that defense); State v. Latona, 75 So.3d 394, 395 (Fla. 5th DCA 2011) (“Section 893.13(6)(a), Florida Statutes (2009) permits an individual to legally possess a controlled substance where the controlled substance was obtained pursuant to a valid prescription. The prescription defense is available to the prescription holder and any individual authorized by the prescription holder to hold the medications on his or her behalf.” citing McCoy v. State, 56 So.3d 37, 39 (Fla. 1st DCA 2010) (holding prescription defense available to wife who asserted that she was holding her husband’s pills on his behalf); O’Hara v. State, 964 So.2d 839, 841 (Fla. 2d DCA 2007)).
REVERSED and REMANDED for new trial.
SAWAYA, EVANDER and COHEN, JJ., concur.

. The new trial is ordered only as to Counts I and VI; Badgett’s plea of guilty to the drug offense charged in Count IV is unaffected by our disposition of this appeal.