PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted a report proposing three new standard criminal jury instructions and amendments to an existing standard criminal jury instruction. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes that the Court authorize for publication and use new instruction 8.9(f) — Eyewitness Identification, new instruction 3.6(m) — Affirmative Defense: Temporary Possession of Controlled Substance for Legal Disposal, and new instruction 3.6(n) — Affirmative Defense: Controlled Substance was Lawfully Obtained from a Practitioner or Pursuant to a Valid Prescription. The Committee also proposes amending criminal jury instruction 3.13 — Submitting Case to Jury.
Before filing its report with the Court, the Committee published its proposals for comment. Multiple comments were received by the Committee on its proposed new instructions. No comments were received on the proposed amendments to instruction 3.13. Upon considering the comments, the Committee modified each of its proposed new instructions.
After the Committee filed its report, which included a minority report, the Court published the Committee’s proposals for comment. Four comments were filed concerning the proposed new instructions. No comments were filed concerning the proposed amendments to instruction 3.13. The Committee filed a response to the comments.
Having considered the Committee’s report, the minority report, the comments filed, and the Committee’s response, we authorize for publication and use amended instruction 3.13 as proposed by the Committee. We also authorize for publication and use the new instructions proposed by the Committee, with minor modifications to new instruction 3.6(n).
New instruction 3.6(n) instructs a jury that possession of a controlled substance lawfully obtained from a practitioner or pursuant to a valid prescription is a defense to possession or trafficking in a controlled substance. The new instruction includes the definitions contained in section 893.02, Florida Statutes (2012), for the words “practitioner” and “prescription.” We modify the citation to section 893.02 in each definition to indicate that the definition for the word “practitioner” stems from subsection (21) of section 893.02, and the definition for the word “prescription” stems from subsection (22) of section 893.02. We also modify the definition for the word “prescription” contained in new instruction 3.6(n). Consistent with section 893.02(22), we amend the definition of “prescription” to include prescriptions issued by practitioners licensed in a state other than Florida.
Accordingly, we hereby authorize for publication and use the instructions as they appear in the attached appendix.[1] In *134 authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
3.6(m) AFFIRMATIVE DEFENSE: TEMPORARY POSSESSION OF CONTROLLED SUBSTANCE FOR LEGAL DISPOSAL
It is a defense to the charge of [possession of a controlled substance] [trafficking via possession] for a person to briefly possess a controlled substance for the sole purpose of legal disposal. In order to find the defendant briefly possessed a controlled substance for the sole purpose of legal disposal, you must find all of the following:
1. (Defendant) possessed the controlled substance.
2. (Defendant) acquired the controlled substance without unlawful intent.
3. The possession of the controlled substance was brief and (defendant) sought to dispose of the controlled substance without delay
4. The temporary possession was solely for the purpose of legal disposal.

Definitions.

“Legal disposal” means to destroy or throw away the controlled substance or to turn in the controlled substance to a law enforcement officer.
This defense does not apply if (defendant) disposed of or surrendered a controlled substance because [he][she] believed a law enforcement officer had discovered, or would have imminently discovered that [he][she] was in possession of a controlled substance.

There is no statute for the defense of “legal disposal” and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and, (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.

The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affir-
*135
motive defense beyond a reasonable doubt (e.p., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 5⅛8 U.S. 1, 126 S.Ct. 24.37, 165 L.Ed.2d 299 (2006), for further guidance.

If burden of persuasion is on the defendant:

If you find that defendant proved (insert appropriate burden of persuasion) that [he] [she] temporarily possessed the controlled substance solely for legal disposal, you should find [him][her] not guilty. If the defendant did not prove (insert appropriate burden of persuasion) that [he][she] temporarily possessed the controlled substance solely for legal disposal, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.

If burden of persuasion is on the State:

If you find that the State proved (insert appropriate burden of persuasion) that the defendant did not temporarily possess the controlled substance solely for legal disposal, you should find [him][her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you are not convinced (insert appropriate burden of persuasion) that the defendant did not temporarily possess the controlled substance solely for legal disposal, you should find [him] [her] not guilty.
Comment

See Ramsubhag v. State, 937 So.2d 1192 (Fla. jth DCA 2006) and Stanton v. State, 7A6 So.2d 1229 (Fla. 3d DCA 1999).

This instruction was adopted in 2013.
3.6(n) AFFIRMATIVE DEFENSE: CONTROLLED SUBSTANCE WAS LAWFULLY OBTAINED FROM A PRACTITIONER OR PURSUANT TO A VALID PRESCRIPTION §§ 499.03(1), 893.13(6)(a) Fla. Stats.
It is a defense to the charge of [possession] [trafficking via possession] for a person to possess a controlled substance which [he][she] lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice.

Like all affirmative defenses and pursuant to § 893.10(1), Fla. Stai, the burden of going forward with evidence of the defense is upon the defendant. Fla. Stats. 893.10(1), 89S.13(6)(a), and 199.03(1) are silent, however, as to the burden of persuasion for the affirmative defense.

The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 5A8 U.S. 1, 126 S.Ct. 2A37, 165 L.Ed.2d 299 (2006), for further guidance.

For example, if the burden to prove the affirmative defense is on the defendant under the preponderance of the evidence standard.

If you find the defendant proved by a preponderance of the evidence that [he][she] lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional prac *136 tice, you should find [him][her] not guilty of [possession of a controlled substance] [trafficking via possession]. If the defendant did not prove by a preponderance of the evidence that [he][she] lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him][her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.
Or, if the burden of disproving the affirmative defense is on the State under the beyond, a reasonable doubt standard.
If you find that the State proved beyond a reasonable doubt that the defendant did not lawfully obtain the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him][her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt as to whether the defendant lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] not guilty of [possession of a controlled substance] [trafficking via possession].

Definitions.

§ 893.02(21), Fla. Stat

“Practitioner” means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, a naturopath licensed pursuant to chapter 462, or a podiatric physician licensed pursuant to chapter 461, provided such practitioner holds a valid federal controlled substance registry number.

§ 893.02(22), Fla. Stat.

“Prescription” means and includes an order for drugs or medicinal supplies written, signed, or transmitted by word of mouth, telephone, telegram, or other means of communication by a duly licensed practitioner licensed by the laws of the state to prescribe such drugs or medicinal supplies, issued in good faith and in the course of professional practice, intended to be filled, compounded, or dispensed by another person licensed by the laws of the state to do so. The term also includes an order for drugs or medicinal supplies so transmitted or written by a physician, dentist, veterinarian, or other practitioner licensed to practice in a state other than Florida if the pharmacist called upon to fill the order determines, in the exercise of his or her professional judgment, that the order was issued pursuant to a valid patient-physician relationship, that it is authentic, and that the drugs or medicinal supplies ordered are considered necessary for the continuation of treatment of a chronic or recurrent illness.
Comment
A special instruction is necessary where there is evidence that the defendant acted as an agent for the person who had a prescription. See McCoy v. State, 56 So.3d 37 (Fla. 1st DCA 2010).
It is undecided whether a defendant may rely on the prescription defense when he or she is charged with Possession With Intent. See Celeste v. State, 79 So.3d 898 (Fla. 5th DCA 2012); Ayotte v. State, 67 So.3d 330 (Fla. 1st DCA 2011); and Wag *137 ner v. State, 88 So.3d 250 (Fla. 4th DCA 2012).
See Knipp v. State, 67 So.3d 376 (Fla. 4th DCA 2011) regarding the availability of the prescription defense for a person who obtained the prescription in violation of the doctor shopping statute.
This instruction was adopted in 2013.
3.9(f) EYEWITNESS IDENTIFICATION

Give if eyewitness identification is a disputed issue and if requested.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.
In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:
1. The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance.
2. Whether the identification was the product of the eyewitness’s own recollection or was the result of influence or suggestiveness.
3. The circumstances under which the defendant was presented to the eyewitness for identification.
4. Any inconsistent identifications made by the eyewitness.
5. Any instance in which the eyewitness did not make an identification when given the opportunity to do so.
6. The witness’s familiarity with the subject identified.
7. Lapses of time between the event and the identification[s].
8. Whether the eyewitness and the offender are of different races or ethnic groups, and whether this may have affected the accuracy of the identification.
9. The totality of circumstances surrounding the eyewitness’s identification.
Comment
This instruction was adopted in 2013.
3.13 SUBMITTING CASE TO JURY
In just a few moments you will be taken to the juiy room by the [court deputy] [bailiff]. The first thing you should do is elect choose a foreperson who will preside over your deliberations, like a chairperson — of—a—meeting, The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. It is also the foreperson’s job to sign and date the verdict form when all of you have agreed on a verdict in this case and to bring the verdict form back to the courtroom when you return.
During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of *138 these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].
If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.
Your verdict finding the defendant either guilty or not guilty must be unanimous. The verdict must be the verdict of each juror, as well as of the jury as a whole.

Give if applicable.

During the trial, [an item] [items] [was] [were] received into evidence as [an] exhibits]. You may examine whatever exhibits] you think will help you in your deliberations.

Give a orb as appropriate.

a. [The[se] exhibits] will be sent into the jury room with you when you begin to deliberate.]
b. [If you wish to see an[y] exhibits], please request that in writing.]
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
Comment
This instruction was adopted in 1981 and was amended in 2000, 2003, and 2010, and 2013.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/juty_instructions/ *134 instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.