CLARK, J.
dissents.
Appellant was convicted of trafficking in hydrocodone. Because the quantity of hy-drocodone qualified under section 893.135(c)l.b., Florida Statutes, Appellant was charged with the offense of trafficking rather than possession. In my view Appellant was deprived of a fair trial by the trial court’s failure to instruct the jury on the “prescription defense” under sections 499.03(1) and 893.13(6), Florida Statutes (2010). This fundamental error requires a new trial. I would reverse the conviction and sentence.
During the trial, a special jury instruction regarding the prescription defense was mentioned during discussions between the court and counsel. However, the trial court cut short this discussion and left the matter for later. The issue of a special jury instruction on the prescription defense was not revisited. ■
During its closing argument, the State did not mention prescriptions and limited its argument to the statutory elements of the offense. Defense counsel repeatedly mentioned Appellant’s prescriptions during closing argument and urged the jury to acquit if it found that Appellant possessed the pills via his prescription(s). On rebuttal, the State countered that the particular tablets in this ease were not obtained through a valid prescription and that the testimony of the defense witnesses was not credible. No instruction was given to the jury to explain that a valid prescription for the hydrocodone was an available defense to the charges.
This Court has previously found fundamental error in drug trafficking convictions where the defendant presented evidence that the substance was obtained by a valid prescription but the jury was not instructed on this defense. Ayotte v. State, 67 So.3d 330 (Fla. 1st DCA 2011); Glovacz v. State, 60 So.3d 423 (Fla. 1st DCA 2011); McCoy v. State, 56 So.3d 37 (Fla. 1st DCA 2010). While the particular facts of each case varied slightly, the common reasoning applied in each ease was that “there is no way of knowing if the jury would have acquitted appellant had it known there existed a prescription defense and it had the option to accept [his] affirmative defense.” McCoy, 56 So.3d at 40-41. As stated in Wagner v. State, 88 So.3d 250, 252 (Fla. 4th DCA 2012), “[a] valid prescription is a complete defense to trafficking and a defendant is entitled to a jury instruction on this defense.” See also O’Hara v. State, 964 So.2d 839 (Fla. 2d DCA 2007) (denial of request for jury instruction on prescription defense is reversible error).
*492 A trial court’s omission of a jury instruction is generally subject to the contemporaneous objection rule. However, there is an exception to this rule in rare cases where the defendant is deprived of a fair trial. The error then constitutes fundamental error and preservation of the issue is not required for appellate review. Smith v. State, 521 So.2d 106 (Fla.1988). Regarding the affirmative defense to trafficking through possession of a sufficient amount of a controlled substance — that the defendant possessed the substance pursuant to a valid prescription — it is fundamental error where, as here, “a jury is not instructed as to a defendant’s affirmative defense, and that affirmative defense remains the defendant’s sole or primary defense to the charge” so that “the jury, confining itself to the instructions provided by the court, would be required to convict.” Ramirez v. State, — So.3d -, 38 Fla. L. Weekly D148, 2013 WL 163461, at *4 (Fla. 4th DCA Jan. 16, 2013).
The fundamental error exception to the general rule depends on the evidence presented, the offense charged, and the particular affirmative defense involved. The Florida Supreme Court explained that the failure to instruct the jury on an affirmative defense may constitute fundamental error only “where a jury instruction is so flawed as to deprive defendants claiming the defense ... of a fair trial.” Martinez v. State, 981 So.2d 449, 455 (Fla.2008). “A defendant is deprived of a fair trial if the error divests the defendant of his or her ‘sole, or ... primary, defense strategy’ and that defense is supported by evidence adduced at trial that could not be characterized as ‘weak.’ ” Id. In Martinez, the Florida Supreme Court declined to find the omission of a jury instruction on self-defense fundamental error because, not only was the affirmative defense not the “sole, or even his primary defense strategy” but also because “Martinez’s claim of self-defense was extremely weak.” Id. at 456. The court stated that Martinez’s claim that he “had to fight for his life and did not have an opportunity to leave the room strained even the most remote bounds of credulity.” Id. The Florida Supreme Court found that Martinez was not deprived of due process by the omission of the jury instruction on self-defense and declined to deem the error fundamental in that case.
The Martinez opinion’s reference to “weak” evidence of an affirmative defense is not an invitation for appellate courts to invade the province of the jury in determining the weight and credibility of evidence. Rather, the Martinez court was describing the situation in that case, where the omission of a self-defense instruction did not deprive Martinez of a fair trial because self-defense was not his sole defense and the evidence presented by the defense was insufficient even to create a jury question of whether Martinez acted in self-defense or not.
The proof required to create a jury question about self-defense is, of course, different than the proof necessary to create a jury question of whether a defendant possessed controlled substances pursuant to a valid prescription. In this case, unlike Martinez’s self-defense theory, Appellant’s prescription defense did not strain “the most remote bounds of credulity.” The defense witnesses included pharmacy staff and medical records custodians. The testimony of Appellant and his girlfriend contradicted the testimony of the State’s law enforcement officers regarding statements or admissions made to the officers. The documentary evidence included Appellant’s medical and pharmacy records. The jury was fully capable of determining the credibility of the various witnesses and the weight to be given the various statements and items of evidence. The evidence was *493 clearly sufficient to allow the jury to consider Appellant’s prescription defense had the jury been instructed that such defense was available.
Because the prescription defense was Appellant’s only defense and there was sufficient evidence to create a jury question on the affirmative defense, the failure to instruct the jury about the prescription defense to drug trafficking deprived Appellant of a fair trial and constituted fundamental error. No person should be convicted of a crime where the jury is not apprised of the applicable law.