NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IRINA ROMANYUK,  )
                           )
         Appellant,  )
                           )
v.  )       Case No. 2D12-4697
                           )
STATE OF FLORIDA,  )
                           )
         Appellee.  )
_____ )

Opinion filed July 9, 2014.

Appeal from the Circuit Court for Charlotte
County; Thomas Reese, Senior Judge.

Richard Ruhl of Ruhl Law, P.A., Port
Charlotte, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

        Irina Romanyuk appeals her conviction and thirty-month prison sentence

for possession of a controlled substance and possession of paraphernalia. See

§§ 893.13(6)(a), .147, Fla. Stat. (2011). The trial court erroneously denied her request

for a prescription defense jury instruction. Consequently, we reverse.

Ms. Romanyuk planned to run some errands with her husband and her friend Sue Motes. Ms. Motes drove them in her car. They stopped first at the library. Ms. Motes then drove to Wendy's, where a man came to her car window; she gave him five oxycodone pills in exchange for one hundred dollars. Apparently, Ms. Romanyuk was not paying attention and did not see the exchange.

To Ms. Motes' surprise, the man who purchased the pills was undercover officer Corporal Clemens. When he signaled for other officers to make an arrest, Ms. Motes sped away. Ms. Motes drove to Ms. Romanyuk's home. Later, Ms. Motes decided to turn herself in.

Ms. Motes and Ms. Romanyuk drove to the bail bondsman's office in Ms. Motes' car. Ms. Romanyuk sat in the car and waited for Ms. Motes. Several minutes later, Sergeant Maler, part of the original take-down unit, approached the car and asked Ms. Romanyuk to step out. She complied. In response to Sergeant Maler's inquiry, she said she had oxycodone in her purse. Sergeant Maler searched her purse, finding three unlabeled bottles containing blue capsules, four cell phones, and Ms. Romanyuk's identification. Corporal Clemens arrived at the scene and confiscated the pills, phones, and identification. Two of the bottles contained oxycodone. Ms. Romanyuk said she did not have a prescription but was holding the pills for her husband, who did. Corporal Clemens arrested Ms. Romanyuk.

At trial, Ms. Romanyuk sought to introduce into evidence a printout of a pharmacy record of the prescription transactions and receipts attached to the husband's prescription bags. The trial court ruled that they were inadmissible without a pharmacy employee introducing them as business records. The trial court would not let Ms. Romanyuk testify, or her counsel argue, that her husband had a valid prescription for

the oxycodone. The trial court did allow Ms. Romanyuk to testify and trial counsel to argue that Ms. Romanyuk frequently picked up these pills from the pharmacy for her husband and often saw him taking them.

Ms. Romanyuk requested a prescription defense jury instruction.[1] The trial court refused the request, ruling that the defense was speculative. The jury convicted Ms. Romanyuk. On appeal, Ms. Romanyuk argues that the trial court abused its discretion by refusing to instruct the jury on the prescription defense when the pills allegedly belonged to her husband, who had a prescription. This was her only defense.

Where the trial court fails to instruct the jury on a crucial defense, "[a] defendant is deprived of a fair trial if the error divests the defendant of his or her 'sole, or . . . primary, defense strategy' and that defense is supported by evidence adduced at trial that could not be characterized as 'weak.' " McCoy v. State, 56 So. 3d 37, 40 (Fla. 1st DCA 2010) (quoting Martinez v. State, 981 So. 2d 449, 455 (Fla. 2008)); accord Ramirez v. State, 125 So. 3d 171, 176 (Fla. 4th DCA 2013). This was Ms. Romanyuk's

---

[1]A prescription defense instruction is necessary where there is evidence that the defendant was holding a controlled substance as agent of another individual to whom it was prescribed. McCoy v. State, 56 So. 3d 37, 39 (Fla. 1st DCA 2010). The standard prescription defense jury instruction provides, in pertinent part, as follows:

> If you find the defendant proved by a preponderance of the evidence that [he] [she] lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] not guilty of [possession of a controlled substance] [trafficking via possession]. If the defendant did not prove by a preponderance of the evidence that [he] [she] lawfully obtained the controlled substance from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice, you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.

Fla. Std. Jury Instr. (Crim.) 3.6(n).

sole defense; its apparent weakness stems from the trial court's restriction of testimony and argument relating to the husband's possession of a valid prescription. Generally, the trial court allows a defendant to testify that there is a valid prescription, even where the defendant does not have a pharmacist introduce the prescription as a business record or a doctor testify to having prescribed the drugs; the jury may then decide whether to believe that defense. See, e.g., Hardy v. State, 39 Fla. L. Weekly D1009, at *1 (Fla. 1st DCA May 14, 2014) ("The trial court ruled [defendant's girlfriend] could testify that she had been given a prescription for Methadone and that it would be up to the jury to decide whether to believe her testimony if the prescription could not be produced."); Ramirez, 125 So. 3d 171 (reversing for failure to instruct jury on prescription defense; mother testified she had valid prescription; no indication that prescription was introduced into evidence); Ayotte v. State, 67 So. 3d 330 (Fla. 1st DCA 2011) (reversing for failure to instruct jury on prescription defense where defendant claimed he held pills for his girlfriend who had a valid prescription; no indication that prescription was entered into evidence; State did not dispute validity of prescription); Glovacz v. State, 60 So. 3d 423 (Fla. 1st DCA 2011) (reversing for failure to instruct jury on prescription defense where defendant claimed to have valid prescription; State did not refute that claim; no indication that prescription was entered into evidence); McCoy, 56 So. 3d 37 (fundamental error to fail to instruct jury on prescription defense where defendant and husband testified husband had prescription; no indication that prescription was entered into evidence).

Had the trial court allowed Ms. Romanyuk to testify, and her counsel to argue, that her husband for whom she was holding the pills held a valid prescription, the evidence could not be characterized as more "weak" than the above-cited cases where

convictions were reversed for failure to instruct on the prescription defense even though the prescription was not in evidence.

The trial court should have given the requested jury instruction. We reverse and remand for a new trial.

Reversed and remanded.


KELLY and KHOUZAM, JJ., Concur.