# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3073

_____

TAUREAN MARQUIS
WASHINGTON,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman Lee Robinson, Judge.

December 13, 2023

BILBREY, J.

Appellant challenges his conviction and sentence for possession of methamphetamine, claiming error by the trial court in refusing to admit certain evidence. We affirm.

Appellant claims that the trial court erred in refusing to admit evidence that the passenger in the vehicle driven by Appellant also possessed controlled substances. Appellant's contention was that the methamphetamine found in his pocket by law enforcement during a search incident to lawful arrest belonged to the passenger. Appellant sought to argue to the jury that when Appellant's vehicle was stopped, he held the methamphetamine for his passenger to prevent her from consuming the drug and potentially overdosing.

The trial court ruled that the evidence of possession by the passenger was irrelevant and refused to admit it. We agree.

"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2022). "All relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. "We review evidentiary rulings by a trial court for abuse of discretion." *Calloway v. State*, 210 So. 3d 1160, 1182 (Fla. 2017) (citations omitted).

Other district courts have held that it is a defense to the crime of possession of a controlled substance "where a person takes temporary control of contraband in order to make a legal disposition of it by throwing it away, destroying it, or giving it to police." *Stanton v. State*, 746 So. 2d 1229, 1230 (Fla. 3d DCA 1999); *see also Ramsubhag v. State*, 937 So. 2d 1192, 1194 (Fla. 4th DCA 2006) (citing *Stanton*). Our court has not opined on the availability of this potential defense, * and we need not do so here because the record does not provide evidentiary support for such a defense.

After Appellant's vehicle was stopped for a potential license plate violation, a warrant check revealed that Appellant had an active arrest warrant. The arresting officer then searched Appellant and located a plastic baggy with a substance that later tested positive as methamphetamine. "'Legal disposal' means to

---

* Florida Standard Jury Instruction 3.6(m) is titled "Affirmative Defense: Temporary Possession of Controlled Substance for Legal Disposal." This instruction was issued by the Florida Supreme Court in *In re Standard Jury Instructions in Criminal Cases—Report No. 2011-05*, 141 So. 3d 132 (Fla. 2013). But this does not mean that the instruction is necessarily legally correct. *Id.* at 134; *see also In re Amendments to Florida Rules of Judicial Administration, Florida Rules of Civil Procedure, and Florida Rules of Criminal Procedure—Standard Jury Instructions*, 45 Fla. L. Weekly S121, 2020 WL 1593030 (Fla. Mar. 5, 2020) ("[T]o avoid any misconception that this Court has 'adopted,' 'approved,' or otherwise ruled on the legal correctness of the standard jury instructions prepared by the committees, the Court has determined that it should no longer be involved in the development and authorization for use of Florida's standard jury instructions.").

destroy or throw away the controlled substance or to turn in the controlled substance to a law enforcement officer." Fla. Std. Jury Instr. (Crim.) 3.6(m). At no time before the methamphetamine was located did Appellant seek to legally dispose of it.

"A defendant has a fundamental right to present witnesses and offer evidence relevant to his defense." *Martin v. State*, 110 So. 3d 936, 938 (Fla. 2013). "However, the admissibility of this evidence must be gauged by the same principle of relevancy as any other evidence offered by the defendant." *Rivera v. State*, 561 So. 2d 536, 539 (Fla. 1990). That Appellant's passenger may have possessed controlled substances would not prove Appellant's possession was merely temporary and for lawful disposition when Appellant did nothing to legally dispose of the methamphetamine. The evidence Appellant sought to admit was irrelevant, and the trial court did not abuse its discretion in refusing to admit it.

AFFIRMED.

OSTERHAUS, C.J., and ROWE, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.